ORIGINAL

FILED IN CLERK'S OFFICE
U S D C  Atlanta

NOV 0 3 2008

JAMES N. HATTEN, Clerk
By. _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Charles Watt, d/b/a Silverhawk Records, d/b/a Bend of the River Publishing, ) | |
| Plaintiff, ) | |
| v. ) | |
| Dennis Butler p/k/a "Mook B," Lefabian Williams p/k/a "Fabo", Carlos Walker p/k/a "Shawty Lo," Adrian Parks p/k/a/ "Stoner" a/k/a "Stuntman" (individually and d/b/a D4L); Teriyakie Nicodean Smith; Mark Robinson; Perry Homes Music Publishing; Artist Publishing Group; Black Eye B Music; D4LXL Music; Beatz 4 Da Streetz; Mark Your Mind Music; Stoney Man Music; Universal Music-MGB Songs; Atlantic Records, LLC; Asylum Records, LLC; Dee Money Entertainment; Mark Jordan p/k/a D.J. Pooh; WEA Corp. ) | Case No: 1:08-CV-3386

Jury Demand |
| Defendants ) | |

**TWT**

**COMPLAINT**

Plaintiff Charles Watt, d/b/a Silverhawk Records, d/b/a Bend of the River

Publishing ("Watt"), by its attorneys, for its Complaint against Dennis Butler p/k/a

"Mook B," Lefabian Williams p/k/a "Fabo", Carlos Walker p/k/a "Shawty Lo,"

Adrian Parks p/k/a/ "Stoner" a/k/a "Stuntman" (individually and d/b/a D4L),

Teriyakie Nicodean Smith, Mark Robinson, Perry Homes Music Publishing, Artist

Publishing Group, Black Eye B Music, D4LXL Music, Beatz 4 Da Streetz, Mark

Your Mind Music, Stoney Man Music, Universal Music-MGB Songs, Atlantic

Records, LLC, Asylum Records, LLC, Dee Money Entertainment, Mark Jordan

p/k/a D.J. Pooh, WEA Corp., states as follows.

## I. NATURE OF THE ACTION

1   This action for damages, declaratory relief, and permanent injunctive

relief is brought by Plaintiff pursuant to the Copyright Act and Copyright Revision

Act, 17 U.S.C. §§101 et seq. (the "Copyright Act"), and other common and

statutory law as set forth.

2. Plaintiff Watt is the owner of the right, title, and interest in and to the

musical composition known as "Come Up" a/k/a "Come Up (Million Ways)"

(hereafter "Come Up"), including the copyright therein, together with the right to

register the statutory copyright therein.  Plaintiff Watt has complied with all of the

laws pertinent to this composition as a copyrighted work, and the subject copyright

registrations for the musical composition "Come Up" have been appropriately

deposited and/or registered with the U S. Copyright office

3. Plaintiff Watt is the owner of the sound recording "Come Up" including

the copyright therein, together with the right to register the statutory copyright

therein.  Plaintiff has complied with all of the laws pertinent to this sound recording as a copyrighted work, and the subject copyright registration for the sound recording "Come Up" has been appropriately deposited and/or registered with the U.S. Copyright office.

4.  The musical composition and sound recording "Come Up" were created in 1995 and appeared both in the motion picture entitled "Dirty South" a/k/a "Black and Blue" released in 2001 and on the soundtrack album named *Dirty South*, released in 1998

5.  The infringing musical composition and infringing sound recording that are the subjects of this action are of a genre of music known as "rap."  In rap music, the artist typically speaks along with one or more pre-recorded musical compositions.  To record the rap song at issue, the defendants copied an original, recognizable, and important portion of Plaintiff's musical composition, "Come Up," into the new composition and sound recording, "Betcha Can't Do It Like Me," and looped that portion of "Come Up" throughout "Betcha Can't Do It Like Me."

6. Artists Lefabian Williams p/k/a "Fabo," Dennis Butler p/k/a "Mook B," Adrian Parks p/k/a "Stoney" a/k/a "Stuntman," and Carlos Walker p/k/a "Shawty Lo" (collectively known as and referred to herein as "D4L") are the performers of

the new and infringing composition and sound recording "Betcha Can't Do It Like

Me" ("Infringing Composition") embodied in a new infringing sound recording

("Infringing Sound Recording") on the Records entitled "Down For Life" and

"Heavy Rotation: The Dirty Version, Vol 1-1/2" ("Records") and licensed for

digital distribution, including digital download and ringtones, through various

Internet sites including without limitation: zune.com, aolmusic.com, mp3.com,

rhapsody.com, musicremedy.com, iTunes, Yahoo! Music and msn com.

7.  The Defendants named herein are the Artists, Songwriters, Publishers,

Administrators, Producers, Labels and Distributors who were involved with the

creation, release, and distribution of the Infringing Composition and Infringing

Sound Recording.  Upon information and belief, D4L also performed "Betcha

Can't Do It Like Me" at radio, live concerts, personal appearances, film, video,

television, and/or otherwise

8.  Defendants have unlawfully copied, performed, marketed, and distributed

Plaintiff's musical composition "Come Up" in the new Infringing Composition and

Infringing Sound Recording "Betcha Can't Do It Like Me." Accordingly, Plaintiff

seeks· (1) declaratory relief that it owns the copyrights in the Infringing

Composition and Infringing Sound Recording; (2) recovery of money damages,

including the profits of Defendants, resulting from the wrongful acts of Defendants

and applicable attorneys' fees and costs associated with the prosecution of this action; and (3) an Order impounding for destruction, the infringing materials and enjoining Defendants from the licensing, production, marketing, exploitation and/or sale of the Infringing Composition, and/or Infringing Sound Recording and/or Records.

## II. PARTIES

9   Plaintiff Charles Watt, d/b/a Bend of the River Publishing, is an individual, who resides at 4606 Lockington Lane, Chattanooga, TN 37416, and who is the owner of the musical composition and sound recording "Come Up " Watt is, and at all times relevant was, and continues to be, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights

10.  Plaintiff is informed and believes and on that basis alleges that Dennis Butler p/k/a "Mook B," is an individual, Artist, Songwriter, and Producer, and a member of D4L, who is, upon information and belief, a citizen of the state of Georgia.

11.  Plaintiff is informed and believes and on that basis alleges that Lefabian Williams p/k/a "Fabo," is an individual, Artist, Songwriter, and Producer, and a member of D4L, who is, upon information and belief, a citizen of the state of

Georgia, and may be served with process at 934 Garden Walk Boulevard, Apartment 808, Atlanta, Georgia, 30329-8517. Upon further information and belief, Plaintiff alleges that Artist Publishing Group is publisher of musical compositions and the publishing designee of writer/member Lefabian Williams individually, and may be served at the same address.

12. Plaintiff is informed and believes and on that basis alleges that Carlos Walker p/k/a "Shawty Lo," is an individual, Artist, Songwriter, and Producer, and a member of D4L, who is, upon information and belief, a citizen of the state of Georgia, and may be served with process at 1254 Holden Drive, Augusta, GA 30904-3831.

13. Plaintiff is informed and believes and on that basis alleges that Adrian Parks p/k/a/ "Stoner" a/k/a "Stuntman" is an individual, Artist, Songwriter, and Producer, and a member of D4L, who is, upon information and belief, a citizen of the state of Georgia, and may be served with process at 7997 Applemist Drive, Fairburn, GA 30213-7906  Upon further information and belief, Plaintiff alleges that Stoney Man Music is a publisher of musical compositions and the publishing designee of writer/member Adrian Parks individually, and may be served at the same address.

14.  Plaintiff is informed and believes and on that basis alleges that Teriyakie Nicodean Smith, is an individual, Artist, Songwriter, Producer, and Publisher of musical compositions, who is, upon information and belief, a citizen of the state of Georgia, and may be served with process at 1193 Wilkes Circle NW, Apartment 145, Atlanta, GA, 30318.

15.  Plaintiff is informed and believes on that basis alleges that Mark Robinson is an individual, Songwriter, and Publisher of musical compositions, and is a citizen of the state of Georgia.

16.  Plaintiff is informed and believes and on that basis alleges that Universal Music-MGB Songs, WB Music Corp., Warner Chappell Music Inc., Perry Homes Music Publishing, Mark Your Mind Music, Beatz 4 Da Streetz, and Black Eye B Music have entered into co-publishing and/or administrative agreements with one or more of the songwriter defendants identified above, and have engaged in the infringing activity described below   Universal Music – MGB Songs, and Black Eye B Music, and D4LXL Music, may be served with process at 2400 Sepulveda Blvd., Suite 100, Los Angeles, CA 90064. Mark Your Mind Music may be served with process c/o Scott D. Sanders, P.C., 21 Eighth Street, N.E., Atlanta, GA 30309. Beatz 4 Da Streetz may be served with process c/o Underground Music Publishing and Strictly Bizness Records, P O. Box 162429,

Atlanta, GA 30321.   Perry Homes Music may be served with process c/o WB Music Corp. and Warner Chappell Music Inc., 10585 Santa Monica Boulevard, Los Angeles, CA 90025.

17.  Plaintiff is informed and believes and on that basis alleges that Atlantic Records is a record label for the group D4L, which released and distributed the infringing composition and sound recording, and may be served with process at 1290 Avenue of the Americas, New York, NY 10104.

18.  Plaintiff is informed and believes and on that basis alleges that Asylum Records is a record label for the group D4L, which released and distributed the infringing composition and sound recording, and may be served with process at 1290 Avenue of the Americas, 24th Floor New York, NY 10104

19.  Plaintiff is informed and believes and on that basis alleges that Dee Money Entertainment is a record label for the group D4L and may be served with process at 1422 Oakview Drive, Decatur, GA 30030.

20.  Plaintiff is informed and believes and on that basis alleges that Mark Jordan p/k/a "D.J. Pooh" is an individual artist and producer and may be served with process at c/o Brittolesse Music, 13428 Maxella Avenue, Suite 266, Marina Del Rey, CA 90292.

21. Plaintiff is informed and believes and on that basis alleges that WEA Corp. is a company in the business of distributing music, distributed the infringing composition and sound recording for Atlantic Records, and may be served with process at 75 Rockefeller Plaza, New York, NY 10019.

### III. JURISDICTION AND VENUE

22. This Court has jurisdiction based upon 28 U.S.C. §§1331, 1338(a) and 1367 in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. §1331.

23. This Court has personal jurisdiction over each of the Defendants, among other reasons, on the grounds that Defendants, Defendants' agents, and/or Defendants' personal representatives either (a) reside in this District, maintain a principal place of business in this District or have a substantial presence in this District; (b) regularly conduct business in Georgia either by marketing, distributing, selling, and/or licensing their works in Georgia, including conducting such business through performing rights organizations located in Georgia and by entering into contracts that are consummated and/or performed in Georgia, including contracts specifically related to this action; (c) maintain registered agents for service of process within the State of Georgia; and/or (d) acting directly or

indirectly, have transacted business in this state or contracted to supply services or things in this state, caused tortious injury by an act or omission in this state, caused tortious injury in this state by an act or omission outside this state of a person who regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state, has an interest in, uses, or possesses real property in this state; and/or has contracted to insure a person, property, or risk located within this state at that time of contracting.  Service of process on any Defendant without an address in Georgia, or an agent for service of process in Georgia, is pursuant to the Georgia long arm statutes.

## IV. WRONGFUL CONDUCT OF THE DEFENDANTS

24   From the date of the release of "Betcha Can't Do It Like Me" on the Records, Defendants have infringed Plaintiff's copyright in the musical composition "Come Up" including. (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing "Betcha Can't Do It Like Me" at radio, live concerts, personal appearances, and on film, video, television and otherwise; (b) authorizing the making, distribution and sale of the Records through the execution of licenses, and/or actually selling, manufacturing, and/or distributing "Betcha Can't Do It

Like Me" through various sources; (c) by substantial copying and related marketing and promotion of the sale of the Records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds there from, all through substantial use of "Come Up" in and as part of the Infringing Composition and Infringing Sound Recording "Betcha Can't Do It Like Me" contained in Records packaged in a variety of configurations, mixes and versions, and performed in a variety of ways including radio, concerts, personal appearances, film, video, television and/or otherwise.

25. Plaintiff is informed and believes and on that basis alleges that Defendant Songwriters, D4L, the Publishers, and Administrators, wrote, own, publish, and/or administer, in whole or in part, the Infringing Composition "Betcha Can't Do It Like Me," and exploit the Infringing Composition in various ways, including by licensing for various uses, including for digital downloads and ringtones.

26   Plaintiff is informed and believes and on that basis alleges that Defendant D4L and Producer Mark Jordan p/k/a D.J. Pooh, created, produced, and exercised creative control over the Infringing Sound Recording of the Infringing Composition "Betcha Can't Do It Like Me" performed and recorded by D4L.

Upon information and belief, D4L generated increased revenues from ticket sales to live concerts and/or other performances as well as increased merchandise revenue occasioned by the commercial success of the Records, which contain "Betcha Can't Do It Like Me."

27.  Plaintiff is informed and believes and on that basis alleges that Defendant Labels, Asylum Records and Atlantic Records reproduce, manufacture, and sell (and/or authorize others to do so) the Infringing Sound Recording on the Records entitled Down for Life, Down for Life (Clean) and Heavy Rotation: The Dirty Version, Vol. 1-1/2.  The Infringing Composition and Infringing Sound Recording also have been licensed for digital distribution, including digital download and ringtones.

28.  Plaintiff is informed and believes and on that basis alleges that Defendant Distributor WEA manufactures, distributes, markets, and sells (and/or authorizes others to do so) domestically the Infringing Sound Recording on the Record entitled Down for Life and Down for Life (Clean).   Plaintiff is informed and believes and on that basis alleges that Defendant Labels and/or Distributor have caused the Infringing Sound Recording on Records to be distributed internationally through their foreign subsidiaries and/or affiliates, including distributors and/or labels   Plaintiff is further informed and believes and on that

basis alleges that Defendant Labels and Distributor exercise control over the marketing and operational policies with respect to the foreign distribution of the Records containing the Infringing Composition and Infringing Sound Recordings, and further that said Defendants act as the agent of such foreign subsidiaries or affiliates with respect to the Records.

## V. LIABILITY OF EACH DEFENDANT AND DAMAGES TO PLAINTIFF

29. Despite the absence of appropriate agreements from Plaintiffs, Defendant Songwriter, Publishers, and Administrators and Producers copied, and/or authorized the use and copying of "Come Up" in the new Infringing Composition "Betcha Can't Do It Like Me," and authorized others to use, copy and embody the Infringing Composition in the Infringing Sound Recording on the Records, which then were produced, manufactured, distributed and sold by, and/or licensed for distribution (including digital distribution) and sale by, among others, Defendants herein.

30. Said Defendants claimed ownership of the Infringing Composition and the Infringing Sound Recording on the Records released, and began paying royalties to the artists, Songwriters, Publishers, Administrator, and Producers and the new, alleged owners of the copyrights in the Infringing Composition and Infringing Sound Recording, but not to Plaintiff. Defendants kept sales dollars for

themselves as copyright owners of the new Infringing Composition and Infringing Sound Recording and Records. Such Defendants egregiously, and with knowledge of and/or reason to know of the infringing activity induced, caused and/or materially contributed to, and substantially participated in, the infringing activity when they authorized such releases and took such action. Further, such Defendants had the obligation, right, and ability to supervise such infringing activity, but allowed the infringement to occur, and they had an obvious and direct financial interest in exploiting the copyrighted materials. Accordingly, Defendants are liable for direct, contributory and vicarious infringement as set forth herein.

31. Plaintiff is informed and believes and on that basis alleges that each of the Defendants acted with knowledge and/or reason to know "Betcha Can't Do It Like Me" infringed Plaintiff's copyright in the musical composition "Come Up," and therefore are liable for willful copyright infringement. On information and belief, the D4L members are associated with individuals who were involved with the motion picture in which "Come Up" appeared, and from which, among other places, Defendants gained access to "Come Up," and then willfully copied "Come Up" into the Infringing Composition and Sound Recording.

32. Plaintiff is informed and believes and on that basis alleges that the Songwriters, Publishers, and Administrators have received royalties, and other

payments, for the sale of Records containing the Infringing Composition and Infringing Sound Recording, and/or have received royalties for inclusion of the Infringing Composition in print editions of sheet music, and/or have received synchronization royalties for the use of the Infringing Composition in audio-visual works and have received performance royalties from the Performing Rights Organizations ("PROs") from performances of the Infringing Composition without accounting for, or remitting the appropriate amount of such royalties to Plaintiff. Upon information and belief, Defendant Publishers and Administrators have received royalties for the licensing of the Infringing Composition and Infringing Sound Recording for digital distribution, including digital download.

33.  Plaintiff is informed and believes and on that basis alleges that the Publishers and/or Administrators have improperly paid their associated Songwriters a portion of those royalties received, and have not remitted the appropriate share of such royalties to Plaintiff.

34.  Upon information and belief, the PROs paid performance royalties only to the incorrectly listed Songwriters, Publishers and Administrators of the Infringing Composition, and not to Plaintiff.

35.  Plaintiff is informed and believes and on that basis alleges that Labels Asylum Records, and Atlantic Records, as well as the Distributor WEA have

earned and/or collected revenues, monies and other fees from the sale of said

Records containing the Infringing Composition and Infringing Sound Recording,

have retained a portion of those revenues, monies, and/or fees without remitting

the appropriate amounts to Plaintiff and have improperly paid and/or credited some

of those revenues, monies, and/or fees to the Artist, Producers, Publishers and

Administrators including some, or all, of the Defendants named herein.   Plaintiff

is further informed and believes and on that basis alleges that the Artist and

Producers have earned, and/or received royalties and/or other payments from the

Labels, and further that Artist has earned and/or received other compensation from

the live performances, concerts, and merchandising associated with, and arising

from, the Infringing Composition and Infringing Sound Recording contained on

Records.  These Defendants have greatly profited from the infringement and, along

with the other Defendants, should be disgorged of those profits and required to pay

them over to Plaintiff.

36.  Upon information and belief, Defendant D4L has earned and/or

collected revenues from live concerts and other performances, including at radio,

personal appearances, film, video, television, and/or otherwise, and has earned

and/or collective revenues from related merchandise sales occasioned by the

commercial success of the Records, containing "Betcha Can't Do It Like Me" without submitting the appropriate amounts to Plaintiff.

37.  Plaintiff has not received proper compensation in the form of royalties and/or copyright ownership interests in and to each of the infringing works for the improper uses of its musical composition in the Infringing Composition, Infringing Sound Recording, and Records.

38.  The foregoing conduct of Defendants constitutes, among other things, (a) improper creation of derivative works, such that the subject Infringing Composition and Infringing Sound Recording and the Records are owned by Plaintiff, (b) direct, vicarious and contributory copyright infringement, such that Defendants are jointly and severally liable therefore.  Indeed, Defendants, and each of them,  are "practical partners" for purposes of the Infringing Composition and Sound recording, and therefore are jointly and severally liable for any profits that each have derived individually from their copyright infringement.

39.  Defendants' conduct, including infringement, has been, and continues to be, willful and knowing and, where applicable, grossly negligent.  Defendants acted with utter disregard for the business and financial safety of Plaintiff and with reckless disregard for Plaintiff's rights, acted with a conscious neglect of duty, callous indifference, and such an entire want of care as would raise a presumption

of a conscious indifference to consequences.  Indeed, despite being put on notice of Plaintiff's claims, defendants have done nothing to remedy the infringement, and the infringing Records containing the Infringing Composition and Infringing Sound Recording continue to be sold.

40.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including lost profits, lost licensing opportunities, loss of goodwill, lost publicity, interest and incurred attorney's fees and costs, and is entitled to such damages as well as the profits of Defendants.  In the alternative, Plaintiff is entitled to statutory damages to the extent allowed by law.

41.  Plaintiff identified separately herein each Record that infringes Plaintiff's musical composition and sound recording "Come Up."  Plaintiff is informed and believes, and on that basis alleges, that the alleged infringement is continuing insofar as each Record identified in this Complaint continues to be reproduced and distributed, and/or licensed for distribution and sale, and each Record is still in print and/or sales continues to occur, each has been digitally distributed, and/or has been licensed and made available for digital download. Moreover, the Infringing Composition and/or Infringing Sound Recording have been re-released on different records, and in different mixes (e.g., dance mix, mega mix, album mix, etc.).  Although not all such mixes and/or re-releases are

identified herein, each time the Infringing Composition and Infringing Sound Recording have been reprinted, licensed, re-released, and/or re-mixed, Defendants, and each of them, are liable for separate acts of infringement, which were and are willful.

**COUNT I**

**COPYRIGHT INFRINGEMENT**

42.  Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 hereof as if fully set forth herein.

43   Rap artists Dennis Butler p/k/a "Mook B,' Lefabian Williams p/k/a "Fabo," Carlos Walker p/k/a "Shawty Lo," and Adrian Parks p/k/a "Stoner a/k/a "Stuntman" (individually and collectively d/b/a D4L) wrote, performed, produced and recorded the Infringing Composition and Infringing Sound Recording embodied on the Records Down for Life, released November 8, 2005, Down for Life (Clean)  released December 6, 2005, and Heavy Rotation: The Dirty Version, Vol. 1-1/2 released in May 2, 2006. On information and belief, "Come Up" was copied into the Infringing Composition and Infringing Sound Recording by Defendant Songwriters D4L and the Producers of the Infringing Composition and Infringing Sound Recording and with the knowledge of the other Defendants herein. Upon information and belief, "Betcha Can't Do It Like Me" has been

performed at radio, live concerts, personal appearances, and on film, video, television, and/or otherwise, and has generated related merchandise revenue and income for Defendants, including D4L, as a result of the commercial success of the Records containing "Betcha Can't Do It Like Me." In addition, upon information and belief, Defendants and/or their authorized agents have licensed the Infringing Composition and Infringing Sound Recording for digital distribution including digital download and ringtones, through various Internet sites including without limitation: zune.com, aolmusic.com, mp3.com, rhapsody.com, musicremedy.com, iTunes, Yahoo! Music and msn.com. Each of these releases of "Betcha Can't Do It Like Me" contains a portion of the musical composition "Come Up," which was included without license or agreement from Plaintiff, the inclusion of which greatly enhanced the musical and financial value of "Betcha Can't Do It Like Me."

44. Defendant Songwriter, Publishers and Administrators engaged in improper conduct and infringement described herein, including incorporating quantitatively and qualitatively important elements of original music from "Come Up" into the Infringing Composition and Sound Recording, thereby creating an unauthorized derivative work of Plaintiff's musical composition, licensing to, and authorizing others to, reproduce and distribute the Infringing Composition in the Infringing Sound Recording and Records, and improperly receiving and paying

fees and royalties generated by Plaintiff's copyright in the musical composition "Come Up" resulting from the commercial exploitation of the Infringing Composition and Infringing Sound Recording, including income derived from Record sales, print editions of sheet music, synchronization fees for audio-visual works, other licensing fees, performance royalties, digital distribution, among other sources known only to Defendants herein. Such commercial exploitation of the Infringing Composition and Infringing Sound Recording occurred without compensation to Plaintiff in the form of royalties and/or copyright interests in the new and infringing works for the improper use of Plaintiff's musical composition "Come Up," and the infringement has not been remedied.

45. Defendant Artists, Producers, Labels, and Distributors engaged in the improper conduct and infringement described herein, including copying and assisting in the copying of a quantitatively and qualitatively important portion of original music from "Come Up" in the Infringing Sound Recording, purportedly owning the Infringing Sound Recording, receiving and paying fees and royalties generated by Plaintiff's copyright resulting from the commercial exploitation of the Infringing Composition and Infringing Sound Recording, including income from the sale of Records manufactured, distributed, sold, licensed for sale or distribution, and/or marketed by said Defendants, synchronization fees for audio-

visual works, royalties and fees for the digital download of the Infringing Sound Recording of the Infringing Composition, and/or other licensing fees for the use of the Infringing Composition and Infringing Sound Recording  Plaintiff has received no compensation in the form of royalties and/or copyright interests for the improper use of Plaintiff's musical composition "Come Up," and the infringement has not been remedied.

46. The Defendant Publishers, Administrators, Record Labels, and Distributors, materially contributed to the infringement as described above, with knowledge of the infringing activity  Furthermore, these Defendants had the right and ability to supervise the activity of the D4L members, producers, and songwriters, but failed to do so, and had a direct financial interest in the infringing activity.

47.    Defendants' foregoing conduct constitutes direct, contributory and vicarious copyright infringement, and Plaintiff has incurred damages thereby; therefore, Plaintiff is entitled to be awarded actual damages and Defendants' profits as allowed by law.  Indeed, as practical partners, Defendants and each of them are jointly and severally liable to Plaintiff, and each are liable for the profit of the other Defendants.  In the alternative, Plaintiff is entitled to statutory damages to

the extent available for each infringement as proven, plus costs, interest, and attorneys' fees in an amount to be determined at the time of trial.

## COUNT 2

### ACTION FOR DECLARATORY JUDGMENT OF PLAINTIFF'S OWNERSHIP OF CLAIMED COPYRIGHTS

48.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 47 hereof as if fully set forth herein.

49.   Pursuant to 17 U.S.C. §101 *et seq.*, and 28 U.S.C. §2201, an actual controversy exists between Plaintiff and Defendants, and Plaintiff is entitled to a declaratory judgment that Plaintiff is the owner of the Infringing Composition and the Infringing Sound Recording on the grounds that such works are derivative of Plaintiff's copyright in "Come Up," and a further declaration that Plaintiff is the parties with exclusive rights to create such derivative works.  In the alternative, Plaintiff is entitled to a declaratory judgment as to their respective percentages of ownership in the new Infringing Composition and Infringing Sound Recording as derivative works of Plaintiff's copyrighted work.

50.   Plaintiff further is entitled to a declaratory judgment that, as a result of its ownership referenced above, any and all assignments, transfers and licenses of the infringing copyrights in and to the new Infringing Composition and Infringing Sound Recording are declared null and void.

968357_1                                     23

## COUNT 3

## ACTION FOR PERMANENT INJUNCTION

51     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 50 hereof as if fully set forth herein.

52.   The Infringing Composition and Infringing Sound Recording were released illegally and without right or justification in violation of Plaintiff's ownership interest in and to their copyrighted work, and ownership interests in such Infringing Composition and Infringing Sound Recording.

53.   Accordingly, Plaintiff is entitled to a permanent injunction ordering that the Infringing Composition, and/or Infringing Sound Recording and/or Records, in whatever form, be prohibited from being further released, reprinted, performed or sold, without the consent of Plaintiff, and that the Infringing Composition and/or Infringing Sound Recording and/or Records, in whatever form already released, be immediately retrieved, impounded and returned to Plaintiff for destruction, unless otherwise consented to by Plaintiff.

## COUNT 4

## ACCOUNTING

54.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 53 as if fully set forth herein.

55.  Due to the infringement and wrongful acts of Defendants, Plaintiff is entitled to an accounting by each Defendant of amounts relating to Plaintiff's copyrights whereby Plaintiff may determine the revenues and profits rightfully belonging to Plaintiff, and wrongfully gained by Defendants.

## TRIAL BY JURY

56.  Plaintiff hereby requests trial by jury on all issues wherein trial by jury is permissible.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

(1)  That Defendants be found liable, jointly and severally, for direct, contributory and/or vicarious copyright infringement as proven at trial;

(2)  That Defendants be ordered to submit to an accounting so that all gains, sales, profits and advantages derived by Defendants from each of their acts, may be determined;

(3)  That Defendants be found liable for willful copyright infringement for each separate act of infringement;

(4)  That for such copyright infringement and each separate act thereof, Defendants be ordered to pay Plaintiff:

(a)  Such damages as Plaintiff has sustained in consequence of Defendants' infringement of said copyright in "Come Up", and to account for and pay to Plaintiff all gains, profits and advantage derived by Defendants from their infringement of Plaintiff's copyright, the total amount to be determined at a trial of this action, or such damages as shall appear proper within the provisions of the Copyright statute; or in the alternative;

(b)  In the event that Plaintiff's actual damages, including Defendants' profits are less than One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement and Defendants are found to have willfully infringed, that Plaintiff be awarded statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement pursuant to the provision of 17 U.S.C. §504(c)(2); or in the alternative;

(c)  In the event that Defendants are not found to have willfully infringed and Plaintiff's actual damages, including Defendants' profits are less than Thirty Thousand Dollars ($30,000.00) per infringement, that Plaintiff be awarded statutory damages in the amount of Thirty Thousand Dollars ($30,000.00) for each infringement pursuant to the provision of 17 U.S.C. §504(c)(1); and/or

(5)  That pursuant to 17 U.S.C §502, Defendants, their agents and servants be permanently enjoined from infringing said copyright of Plaintiff in any manner,

including from distributing copies and making Records of the Infringing Composition and/or Infringing Sound Recording and from publishing, selling, marketing or otherwise disposing of any copies of the Records or any other devices upon which Plaintiff's unlicensed musical composition and sound recording "Come Up" is embodied, and from licensing and contributing to or participating in and furthering any infringing acts;

(6)  That pursuant to 17 U.S.C. §503, and unless otherwise consented to by Plaintiff, Defendants be required to deliver up on oath, to be impounded and for destruction all infringing Records, copies, recordings and all plates, molds, matrices, and other means of any kind for making infringing copies, recordings and/or sound recordings, and other infringing materials in their possession and/or under their control and that the Infringing Composition, Infringing Sound Recording, and Records in whatever form, be prohibited from being further released, reprinted, performed, or sold without the consent of Plaintiff;

(7)  That pursuant to 17 U.S.C. §505, Defendants pay to Plaintiff the costs of this action and reasonable attorneys' fees to be allowed to Plaintiff by this Court;

(8)  That the Court enter Declaratory Judgment that Plaintiff is the owner of the copyright in the Infringing Composition, the Infringing Sound Recording, and the master of the Infringing Sound Recording of "Betcha Can't Do It Like Me,"

and is entitled to full royalties, including royalties from digital distribution, based on such percentages, or in the alternative, that the Court declare Plaintiff's ownership interests in such works and order appropriate payment based on such ownership interest;

(9)  That Plaintiff be awarded prejudgment interest, post-judgment interest, attorneys' fees, other expenses of litigation, and costs;

(10)  That Plaintiff be awarded trial by jury on all issues triable by jury;

(11)  That Plaintiff be awarded all relief to which justly entitled.

Respectfully submitted this 3rd day of November, 2008.

> PARKER HUDSON RAINER & DOBBS LLP
>
> *Patrice R. Walker*
>
> Ronald T. Coleman, Jr
> Georgia Bar No. 177655
> rcoleman@phrd.com
> Patrice R. Walker
> Georgia Bar No. 266983
> pwalker@phrd.com
> 1500 Marquis Two Tower
> 285 Peachtree Center Avenue, NE
> Atlanta, GA 30303
> 404-523-5300
> 404-522-8409 Facsimile

KING & BALLOW
Richard S. Busch,
(TN Bar No. 014594)
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456

Attorneys for Plaintiff Charles Watt d/b/a
Silverhawk Records d/b/a Bend of the River
Publishing