IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES WATT d/b/a Silverhawk Records, d/b/a Bend Of The River Publishing, )<br>)<br>)<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>DENNIS BUTLER d/b/a Black Eye B Music, LAFABIAN WILLIAMS d/b/a Perry Homes Music Publishing, Artist Publishing Group, CARLOS WALKER d/b/a D4LXL Music, ADRIAN PARKS d/b/a Stoney Man Music (individually and d/b/a D4L); TERIYAKIE SMITH d/b/a Beatz 4 Da Streetz; MARK ROBINSON d/b/a Mark Your Mind Music; UNIVERSAL MUSIC-MGB SONGS; ATLANTIC RECORDS, LLC; ASYLUM RECORDS, LLC; DEE MONEY ENTERTAINMENT; MARK JORDAN p/k/a DJ Pooh and WEA CORP., )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>   Defendants. )<br>_____ ) | CIVIL ACTION NO.<br>1:08-CV-3386-TWT |

**DEFENDANTS' JOINT MOTION TO BIFURCATE THE
LIABILITY ISSUE FROM THE DAMAGES ISSUES AND
TO STAY DISCOVERY CONCERNING DAMAGES**

Pursuant to Federal Rule of Civil Procedure Rule 42(b), Defendants

DENNIS BUTLER d/b/a BLACK EYE B MUSIC, LAFABIAN WILLIAMS d/b/a

PERRY HOMES MUSIC PUBLISHING, CARLOS WALKER d/b/a D4LXL

MUSIC, ADRIAN PARKS d/b/a STONEY MAN MUSIC, TERIYAKIE SMITH d/b/a BEATZ 4 DA STREETZ, MARK ROBINSON d/b/a MARK YOUR MIND MUSIC, ATLANTIC RECORDS, LLC (Atlantic Recording Corporation), ASYLUM RECORDS, LLC, WEA CORP.(Warner-Elektra-Atlantic Corporation), and UNIVERSAL MUSIC-MGB SONGS, hereby file Defendants' Joint Motion to Bifurcate The Liability Issue From The Damages Issues And To Stay Discovery Concerning Damages.

In support of this motion Defendants' submit the following:

1)  That bifurcation in this copyright infringement action of the liability issue from the damages issues for the purpose of discovery before trial is warranted for the convenience of all parties, and to avoid undue prejudice, and to expedite this action and for judicial economy where Plaintiff cannot reasonably prove copying or infringement by the Defendants;

2)  That bifurcation in this copyright infringement action of the liability issues from the damages issues for the purpose of discovery before trial is warranted where Plaintiff cannot possibly show copying by Defendants, and either "access" to Plaintiff's work or "substantial similarity" between Plaintiff's musical composition and Defendants' musical composition, as required in order to prevail on a copyright infringement claim;

3) That prior to allowing discovery by Plaintiff from Defendants on the issue of damages, where Plaintiff has not identified or disclosed to Defendants any explanation of what portion of Plaintiff's work has been allegedly copied and infringed by Defendants' musical composition, Plaintiff should first be required to survive summary judgment on the issue of infringement and liability before conducting expensive and time consuming discovery on the damages issue;

4) That the discovery time on the issue of liability could be conducted during a three-month period, followed by a thirty (30) day period to file any dispositive motions, and if Plaintiff survives summary judgment on the issue of liability, then an additional three-month period would be sufficient for discovery on the issue of damages before trial without causing any significant delay in this action or any prejudice to Plaintiff; and

5) Where a frivolous action for copyright infringement has been brought, as Defendants contend here, Defendants and the Court should not have to suffer through the additional time, trouble, prejudice and increased expenses of responding to discovery on the issue of damages where liability cannot reasonably be established, and judicial economy will be served.

Wherefore, based upon the foregoing and Defendants' Brief in support hereof and the Exhibits "A", "B" and "C" attached thereto, Defendants' Joint

Motion To Bifurcate the Liability Issue From the Damages Issues And To Stay Discovery Concerning Damages should be granted.

Counsel for all the Defendants hereby certify that the font and point size, Times New Roman - 14 point, used in this Certificate of Interested Persons are in compliance with Local Rules 5.1(B) and (C), and 7.1(D).

Respectfully submitted this 26th day of May, 2009.

| | |
|---|---|
| s/<u>Scott D. Sanders</u><br>Scott D. Sanders, Esq.<br>Scott D. Sanders, P.C.<br>1348 Ponce De Leon Ave., N.E.<br>Atlanta, GA 30306<br>Georgia Bar No. 625750<br>scott@entlaw.com<br>***Attorney for Defendants Dennis Butler d/b/a Black Eye B Music, LaFabian Williams d/b/a Perry Homes Music Publishing, Carlos Walker d/b/a D4LXL Music, Adrian Parks d/b/a Stoney Man Music, Mark Robinson d/b/a Mark Your Mind Music, Teriyakie Smith d/b/a Beatz 4 Da Streetz, Atlantic Recording Corporation, Asylum Records, LLC and Warner-Elektra-Atlantic Corporation*** | s/ T. Joshua R. Archer<br>T. Joshua R. Archer, Esq.<br>Balch & Bingham, LLP<br>300 Ivan Allen Jr. Blvd. N.W.<br>Suite 700<br>Atlanta, GA 30308<br>Georgia Bar No. 021208<br>jarcher@balch.com<br>***Attorneys for Universal Music Group – MGB NA, LLC d/b/a Universal Music – MGB Songs*** |

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that I electronically filed the **Defendants' Joint Motion To Bifurcate The Liability Issue From The Damages Issues And To Stay Discovery Concerning Damages** in the United States District Court for the Northern District of Georgia with the Clerk of the Court using the CM/ECF system, with notice and a copy of same being electronically served by the Court on counsel for the Plaintiff, addressed to the following:

| | |
|---|---|
| Ronald T. Coleman, Esq. | Richard S. Busch, Esq. |
| Patrice R. Walker, Esq. | King & Ballow |
| Parker Hudson Rainer & Dobbs, LLP | 110 Union Street Plaza |
| 1500 Marquis Two Tower | 315 Union Street |
| 285 Peachtree Center Avenue, NE | Nashville, TN 37201 |
| Atlanta, GA 30303 | |

DATED:   May 26, 2009

/s/ Scott D. Sanders