## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES WATT d/b/a Silverhawk Records, d/b/a Bend Of The River Publishing, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:08-CV-3386-TWT |
| DENNIS BUTLER d/b/a Black Eye B Music, LAFABIAN WILLIAMS d/b/a Perry Homes Music Publishing, Artist Publishing Group, CARLOS WALKER d/b/a D4LXL Music, ADRIAN PARKS d/b/a Stoney Man Music (individually and d/b/a D4L); TERIYAKIE SMITH d/b/a Beatz 4 Da Streetz; MARK ROBINSON d/b/a Mark Your Mind Music; UNIVERSAL MUSIC-MGB SONGS; ATLANTIC RECORDS, LLC; ASYLUM RECORDS, LLC; DEE MONEY ENTERTAINMENT; MARK JORDAN p/k/a DJ Pooh and WEA CORP., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO BIFURCATE THE LIABILITY ISSUE FROM THE DAMAGE ISSUES AND TO STAY DISCOVERY CONCERNING DAMAGES

Pursuant to Federal Rule of Civil Procedure Rule 42(b), Defendants

DENNIS BUTLER d/b/a Black Eye B Music, LAFABIAN WILLIAMS d/b/a

Perry Homes Music Publishing, CARLOS WALKER d/b/a D4LXL Music,

ADRIAN PARKS d/b/a Stoney Man Music, TERIYAKIE SMITH d/b/a Beatz 4 Da Streetz, MARK ROBINSON d/b/a Mark Your Mind Music, ATLANTIC RECORDS, LLC (Atlantic Recording Corporation), ASYLUM RECORDS, LLC, WEA CORP. (Warner-Elektra-Atlantic Corporation), and UNIVERSAL MUSIC-MGB SONGS, hereby file Defendants' Brief In Support of Defendants' Joint Motion To Bifurcate the Liability Issues From the Damages Issues And To Stay Discovery Concerning Damages upon the following:

## PROCEDURAL BACKGROUND

Plaintiff Charles Watt filed his Complaint for copyright infringement with a jury demand against multiple Defendants on November 3, 2008 alleging that a portion of Plaintiff's song, "Come Up", had been infringed by the song, "Betcha Can't Do It Like Me" ("Betcha").  Pursuant to a Consent Motion For Extension of Time filed on November 25, 2008, and an Order granting said motion entered December 3, 2008, Defendants Dennis Butler d/b/a Black Eye B Music, Adrian Parks d/b/a Stoney Man Music, Lafabian Williams d/b/a Perry Homes Music Publishing, Carlos Walker d/b/a D4LXL Music (the "D4L Defendants"), Teriyakie N. Smith d/b/a Betz 4 Da Streetz, Mark Robinson d/b/a Mark Your Mind Music, Atlantic Records LLC (Atlantic Recording Corporation), Asylum Records LLC and WEA Corp. (Warner-Elektra-Atlantic Corporation) were given until January 26, 2009 to file any responsive pleadings (hereafter the "Initial Defendants").  On

2

January 26, 2009 the Initial Defendants filed their Motion To Dismiss Plaintiff's Complaint.  [Doc. No. 15].  On February 17, 2009 Defendant Universal Music-MGB Songs filed its Motion To Dismiss.  [Doc. No. 18].  Responses by Plaintiff were filed, followed by the filing of Reply Briefs by the Defendants.  On April 10, 2009 an Order was entered denying both motions to dismiss.  [Doc. No. 32].

On April 24, 2009 answers were filed by all the Defendants to Plaintiff's Complaint.  [Doc. No. 33, 34].  On April 20, 2009 a Rule 26(f) conference was held by telephone and the matter of bifurcation of the liability and damages issues was briefly discussed between counsel for Defendants and an associate of Plaintiff's counsel.  Even though counsel for Plaintiff, as late as the Rule 26(f) conference, still could not identify to defense counsel exactly what portion of Plaintiff's musical composition had been allegedly infringed in the song "Betcha", counsel for Plaintiff indicated their unwillingness to agree to any bifurcation of the liability and damage issues in this case.

## STATEMENT OF FACTS

Plaintiff Charles Watt filed his Complaint against numerous defendants on November 3, 2008 alleging copyright infringement of one musical composition titled "Come Up", allegedly owned by Plaintiff, by another musical composition titled "Betcha Can't Do It Like Me" (hereinafter referred to as "Betcha") as recorded by the successful music group and recording artist known as "D4L".

[Doc. No. 1, Pl.'s Complaint].  Although it is not clear from Plaintiff's Complaint, it appears that Plaintiff has limited any alleged infringement claim to only an "interpolation" of some portion of the musical composition of "Come Up" as allegedly used in "Betcha", and not to any infringement of the sound recording of "Come Up".  However, nowhere in any of the allegations of copying in Plaintiff's Complaint does Plaintiff identify exactly what portion of "Come Up" is alleged to have been infringed by the musical composition "Betcha".  [Doc. No.1, Pl. Comp. §§5, 8, 24, 29, 31, 43, 44, 45].

Plaintiff alleges in his Complaint that both the musical composition and sound recording titled "Come Up" were created in 1995, and that this recording of "Come Up" (or an approximately 0:40 "Outro" portion of it) was released on a soundtrack album for "The Dirty South" movie in 1998.  The movie "The Dirty South" (or "Black & Blue"?) was not released until three years later in 2001.  [Doc. No.1, Pl. Comp. §4].  It is expected that the evidence will show that both the soundtrack and the movie "The Dirty South" (or "Black & Blue") were completely unknown the Defendants (and to the public) when the D4L Defendants created and recorded "Betcha" in early 2004.   Both the musical composition and sound recording "Betcha Can't Do It Like Me' were created together in early 2004 and commercially released in 2005.  [see Affidavit of Teriyakie N. Smith attached as Exhibit "C", §§4, 5, 6, 7, 10].  The musical composition "Come Up" was not

registered by Plaintiff in the U.S. Copyright Office until December 17, 2007. [Doc. No. 20, Exh. A].

Defendants Dennis Butler ("Butler"), Lafabian Williams ("Williams"), Adrian Parks ("Parks") and Carlos Walker ("Walker") are the performing and recording members of the musical group "D4L" (collectively, with their music publishing designees, the "D4L Defendants"), who wrote lyrics and performed along with Mark Robinson ("Robinson") on "Betcha" in 2004.  [Defs' Answer §§6; Aff. Teriyakie Smith §§5, 6, 7].   The D4L Defendants signed a recording contract with Asylum Records LLC ("Asylum") to manufacture and release their recordings.  [Aff. Teriyakie Smith §5].  Defendant Teriyakie Smith ("Smith") was the sole producer and composer of the music and beats in "Betcha", which were independently created by him from "scratch" on a computer keyboard using an audio creation program in the D4L Studios in 2004.  The D4L Defendants only wrote and performed the lyrics to "Betcha", which are not at issue in this case. [Aff. Teriyakie Smith §§3, 4, 6, 7, 10].  The album containing "Betcha" and single were commercially released in latter part of 2005 through Defendant Asylum, Atlantic Recording Corporation ("Atlantic") and its parent distributor Defendant Warner-Elektra-Atlantic Corporation ("WEA").   [Aff. T. Smith, §§5, 9].   The musical composition and sound recording of "Betcha" were created on the same day in 2004 by the D4L Defendants writing the lyrics (which are not at issue in

Plaintiff's Complaint) and by Defendant Teriyakie Smith ("Smith") independently creating, composing and producing the musical track from scratch. Defendant Mark Robinson ("Robinson") was a side artist who wrote and performed one line of lyrics to the song "Betcha". [Aff. T. Smith, §§3, 4, 5, 6, 7]. Defendant Smith is a music producer and composer, who never heard Plaintiff's song "Come Up" until after this lawsuit was filed. Smith has never seen or heard of the movie "The Dirty South" (or "Black And Blue") or any soundtrack from this movie. [Aff. T. Smith, §§10]. Defendant Universal Music- MGB Songs ("Universal") is simply a subsequent co-publisher and administrating publisher, who signed an agreement with only Defendants Butler, Parks and Walker regarding their respective ownership interests in the musical composition "Betcha". [Doc. 33, Universal Answer §§16, 25].

Since Plaintiff's infringement claims are limited to only the music contained in "Betcha", any direct involvement with any alleged improper copying and infringement, if it occurred at all (which Defendants deny), would be limited to only the artists and producer on the song and performing on the recording. Asylum, Atlantic, WEA and Universal (the "Corporate Defendants") would not have any involvement in any infringement alleged by Plaintiff, except as innocent infringers, if any copying can be shown. Clearly bifurcation of discovery on the liability and damages issues is warranted given the complete lack of any competent

evidence alleged or provided by Plaintiff regarding the various Defendants as to exactly what was allegedly copied, or any facts as to access or substantial similarity.

An ".mp3" file of Plaintiff's musical composition and sound recording titled "Come Up" from the album "The Dirty South Soundtrack" is attached as Exhibit "A". An ".mp3" file of Defendants' musical composition and sound recording titled "Betcha Can't Do It Like Me" from the album "Down For Life" by the musical group D4L is attached as Exhibit "B". A comparison of these two recordings by the Court clearly and unequivocally will show that there are no recognizable similarities whatsoever between the two songs.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    Standard for bifurcation under F.R.C.P. Rule 42(b).

A motion to bifurcate the issue of liability from the issue of damages is subject to the provisions of Federal Rule of Civil Procedure 42(b). Rule 42(b) states:

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

In the patent infringement case *Kimberly-Clark Corporation v. James River Corporation of Virginia*, 131 F.R.D. 607, 14 U.S.P.Q.2d 2070 (N.D. Ga. 1989), the District Court granted defendant's motion to bifurcate as to damages and

accounting issues until the liability (including willfulness) of the defendant was first established.  "The decision whether to bifurcate, or sever and try issues separately, pursuant to Rule 42(b) is one committed to sound discretion of district court." _Beauchamp v. Russell_, 547 F.Supp. 1191, 1199 (N.D.Ga. 1982).  The court in _Kimberly-Clark_ reasoned that:  "… the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefit and prejudice."  The court agreed with the defendant that in a complex patent case the resolution of infringement (and other liability issues) during the liability stage often disposes of the entire case, making discovery and trial on damages unnecessary.  The defendant argued that "discovery and trial of this case would be expedited, economy would be fostered, and the convenience of the parties and the court would be furthered by eliminating the need for the parties, during the liability phase, to prepare and present potentially unnecessary evidence on damages which would, in turn, require potentially needless evaluation by the court." _Kimberly-Clark_, supra, at 608.  This same reasoning and argument for bifurcation of at least the issues in discovery would apply to the Defendants in this case.

In the patent infringement case of _Raymond P. Smith, Jr. v. Alyeska Pipeline Service Co., et al._, 538 F.Supp. 977 (D.C. Del. 1982); _affirmed without opinion at_ 758 F.2d 668 (Fed.Cir. 1984), the plaintiff alleged willful and wanton infringement of its patent by defendants.  The defendants requested bifurcation and separate

trials on the issues of liability and damages alleging that to resolve the damages issue would require a review of voluminous documents and require extensive time during discovery and trial.  The District Court granted defendants' motion for bifurcation.

In another patent infringement case, _William Reber, LLC_ v. _Samsung Electronics America, Inc. et al_., 220 F.R.D. 533 (N.D. Ill. 2004), the court also granted defendants' motion to bifurcate discovery and a trial of the issues of liability and damages holding that bifurcation was appropriate given the number of defendants involved and the volume of documents and witnesses.  In conjunction with discovery on the issue of liability, the court also allowed discovery to go forward on the issue of "willful infringement" considering the significant overlap between the information and witnesses related to both.   In identifying the circumstances that would warrant bifurcation the court stated that they include, but are not limited to, such factors as: 1) the need for voluminous documents on the damage issue; 2) complex infringement issues; 3) multiple patents, infringing products, claims, or parties; and 4) "_the probability that the defendant would prevail on the infringement issue, thereby eliminating the need to address the issue of damages_."  [italics supplied].  "Judicial economy is served by bifurcating a case only if a judgment in favor of a defendant obviates the need for discovery and a trial on damages."  _William Reber, LLC_, supra, at 538, 539.  In the present case,

even though there is only one infringement claim and two copyrights involved, there are multiple defendants and it is anticipated that discovery on damages would involve numerous documents and disclosures. In view of the vague and unsupported allegations in Plaintiff's Complaint, there is certainly a high probability that Defendants will prevail on the issues of copying and infringement in this case.

The probability that Defendants would prevail on all of the issues as to copying, access, substantial similarity, independent creation and infringement weigh heavily in favor of bifurcation on discovery. The sworn affidavit testimony of Defendant Teriyakie Smith, the sole producer and creator of the music for "Betcha", states that "Betcha" was created, produced and finished in the same day thereby showing "independent creation", which would nullify even a prima facie case of copying. [Aff. T. Smith, §§3, 4, 5, 6, 7, 10]. *See Calhoun v. Lillenas Publishing, et al.*, 298 F.3d 1228 (11th Cir. 2002) and *Tisi v. Patrick, et al.*, 97 F.Supp. 2d 539 (S.D.N.Y. 2000). Finally, a cursory review of the .mp3 files representing the two songs at issue [attached as Exhibits "A" and "B"] clearly shows no similarity and that there is a high probability that the Defendants will prevail on the copying and infringement issues as there is a complete lack of any specific evidence asserted by Plaintiff of "copying", or "access", or "substantial

similarity" as required in order to survive summary judgment as a matter of law. [See discussion under Section II below].

In the case at bar Defendants are not asking the court for the usual complete bifurcation of the issues thereby requiring separate trials, but only for a bifurcation of the liability issue from the damages issue during an initial period of discovery in order to first resolve the issue of liability by dispositive motion before undertaking the added burden, inconvenience and prejudice of having to respond to discovery on the issue of damages.  In the event that Plaintiff cannot prove any copying or infringement by the Defendants of Plaintiff's song "Come Up" by the song "Betcha" as alleged, all issues relating to damages clearly become moot.  In this particular case by allowing bifurcation during the initial discovery of the liability issue from the damages issue, judicial economy would be served and Plaintiff would not be prejudiced.  Separate trials would not be necessary, only an initial ninety-day period of discovery limited to the issue of liability followed by the filing of dispositive motions; and, only if necessary if Defendants' dispositive motions are denied, an additional ninety-day period could be allowed for discovery on the issue of damages.

Defendants have contended from the beginning that Plaintiff's claims of copying and infringement regarding "Come Up" and "Betcha Can't Do It Like Me" are frivolous and completely without merit.  If Plaintiff cannot prove copying

and infringement, as a matter of law, Defendants and the Court should not have to waste any time on expensive discovery related to the issue of damages.  In this regard, Defendants submit that an initial discovery period of three (3) months should be conducted to develop the facts as they relate to the sole issue of liability. At the end of this initial discovery period the parties would be allowed thirty (30) days within which to file any dispositive motions.  If the Court denies Defendants' request for summary judgment as to liability, the parties could be allowed a second three (3) month discovery period to pursue discovery on the issue of damages in preparation for trial.  As the Court has complete discretion to control its scheduling orders, this procedure would not cause any unnecessary delay in the case, would work to the convenience of the parties, and would serve judicial economy.

**II.    Bifurcation of the issues of liability and damages during discovery is warranted where Plaintiff cannot initially show evidence of "copying", or "access", or "substantial similarity" as required to prove a copyright infringement claim.**

Defendants believe that Plaintiff's claim is frivolous and without any merit in that:  1) Plaintiff will not be able to show "copying" of any protectable or original portion of "Come Up" by the Defendants in "Betcha";  2) that Plaintiff will be unable to show or prove "access" or "substantial similarity" between the two songs, as is required to sustain Plaintiff's copyright infringement claim; and 3) that Defendants can clearly show the "independent creation" of "Betcha" thereby establishing a complete defense to Plaintiff's claim of copying and infringement.

A review by the Court of the two musical compositions at issue should confirm the fact of no similarity between the two songs.  [.mp3 audio files of "Come Up" (app. 0:40) and "Betcha" (app. 3:40) are attached hereto as Exhibits "A" and "B", respectively].  In adjudicating a copyright dispute, the Court must compare the works in question.  "Non-infringement of a copyright may be determined as a matter of law on a motion for summary judgment, …".  _Herzog v. Castle Rock Entertainment, et al._, 193 F.3d 1241 (11th Cir. 1999) citing _Beal v. Paramount Pictures,_ 20 F.3d 454, 456 (11th Cir. 1994) [citing _Autoskill, Inc. v. National Educ. Support Sys., Inc._, 994 F.2d 1476, 1490 (10th Cir.), _cert. denied_, 510 U.S. 916, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993)].  "The question of substantial similarity can be decided as a matter of law on a motion for summary judgment either where 'the similarity concerns only non-copyrightable elements of a plaintiff[s'] work, or when no reasonable trier of fact could find the works substantially similar'."  _Araron Lassin, et al. v. Island Def Jam Music Group, et al._, 2005 WL 5632056 (S.D. Fla. 2005) citing _Walker v. Time Life Films, Inc._, 784 F.2d 44, 48 (2d Cir. 1986).

In order to prevail on its copyright infringement claim, a plaintiff must prove 1) ownership of a valid copyright and 2) copying of protectable elements of plaintiff's composition by the alleged infringer.  _See Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc._, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d

358 (1991).  Plaintiff has the burden of proving that the defendant, in fact, copied protected original material of plaintiff's composition.  In the absence of direct evidence of copying, a prima facie case of copying may be established by showing "access" by the defendant and "substantial similarity" between the two works as determined by the average lay observer.  In order to prove access, a plaintiff must show a reasonable possibility of access, not just conjecture.  "Independent creation" is a complete defense to a plaintiff's claim of copyright infringement.  Once a copyright infringement defendant offers evidence of independent creation, plaintiff has the burden of proving that the defendant in fact copied the plaintiff's original work.  *See Original Appalachian Artworks, Inc. v. The McCall Pattern Company*, 649 F.Supp. 832 (N.D. Ga. 1986); *Calhoun v. Lillenas Publishing, et al.,* 298 F.3d 1228 (11th Cir. 2002).

If Plaintiff at this late date is still unable to identify exactly what music is being alleged to have been copied from "Come Up" and interpolated in the music for "Betcha", or specifically how Defendants had access to Plaintiff's unknown musical composition, or what portion of the music in "Betcha" is substantially similar to "Come Up, then bifurcation of discovery on the issue of damages is warranted until after Plaintiff survives summary judgment on the issue of Defendants' liability.

**III.    Bifurcation of the issues of liability and damages during discovery is warranted where there is a high likelihood that the Defendants will prevail on the issue of liability.**

Plaintiff alleges that "Come Up" was created by other persons in 1995, whose ownership rights were somehow transferred to Plaintiff, and that "Come Up" was later released in 1998 on a soundtrack album and again in 2001 in a movie.  Defendants submit that "Betcha" was independently created and recorded in 2004 and commercially released in the latter half of 2005.  Plaintiff did not file the current action until November 2008.  Given this inexcusable delay in filing his alleged infringement claim and Plaintiff's failure to date to identify what portion of "Come Up" was allegedly infringed, Plaintiff should be required to first establish a basis of copyright infringement liability as to the Defendants before Plaintiff is allowed to conduct time-consuming discovery on the issue of damages.

As discussed above in Section II, a comparison of Plaintiff's musical composition "Come Up" with Defendants' musical composition "Betcha" fails to show any similarity between the two works.  Neither Plaintiff or his counsel have yet identified exactly what is claimed to have been copied and "interpolated" by the D4L Defendants or Defendant Smith, and what exactly is alleged to be substantially similar between the two compositions.  In view of Plaintiff's vaguely stated conclusions of "access", of "copying" and of infringement in his Complaint, a requirement of the submission of some evidence by Plaintiff of a possibility of

liability by the Defendants is the most convenient, reasonable and judicially economic reason for bifurcation of discovery on the issue of liability from the issue of damages, without any resulting prejudice to Plaintiff.  The costs and time involved in responding to discovery on the issue of damages is certainly prejudicial to Defendants, particularly where there is little possibility that liability can be proved.  If the claims of Plaintiff as to the liability of the Defendants in this case can be resolved by summary judgment, the unnecessary expenses and time-consuming activities on discovery as to damages should be postponed until at least the possibility of liability of the Defendants has been established at a minimum.

## <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that the Court grant Defendants' motion to bifurcate and to stay discovery on the issue of damages, for the following:

1)      That the Court enter an Order granting Defendants' motion bifurcating the liability issue from the damages issue as to discovery and to stay all discovery concerning damages during an initial three (3) month discovery period;

2)      Following the initial discovery period, that the parties shall have thirty (30) days within which to file any dispositive motions; and

3)      In the event that the Court denies Defendants' dispositive motions, the parties shall have another three (3) month period, calculated from the date of the entry of such order of denial, to conduct discovery on the issue of damages,

Counsel for the Defendants hereby certify that the font and point size, Times New Roman - 14 point, used in this Defendants' Joint Motion To Bifurcate the Liability Issues From the Damages Issues And To Stay Discovery Concerning Damages are in compliance with Local Rules 5.1(B) and (C), and 7.1(D).

Respectfully submitted this 26th day of May, 2009.

s/Scott D. Sanders
Scott D. Sanders, Esq.
Scott D. Sanders, P.C.
1348 Ponce De Leon Ave., N.E.
Atlanta, GA 30306
Georgia Bar No. 625750
scott@entlaw.com
*Attorney for Defendants Dennis Butler d/b/a Black Eye B Music, LaFabian Williams d/b/a Perry Homes Music Publishing, Carlos Walker d/b/a D4LXL Music, Adrian Parks d/b/a Stoney Man Music, Mark Robinson d/b/a Mark Your Mind Music, Teriyakie Smith d/b/a Beatz 4 Da Streetz, Atlantic Recording Corporation, Asylum Records, LLC and Warner-Elektra-Atlantic Corporation*

s/ T. Joshua R. Archer
T. Joshua R. Archer, Esq.
Balch & Bingham, LLP
300 Ivan Allen Jr. Blvd. N.W.
Suite 700
Atlanta, GA 30308
Georgia Bar No. 021208
jarcher@balch.com
*Attorney for Universal Music Group – MGB NA, LLC d/b/a Universal Music – MGB Songs*

17

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I electronically filed the **Brief In Support of Defendants' Joint Motion To Bifurcate the Liability Issue From the Damage Issues And To Stay All Discovery Concerning Damages** in the United States District Court for the Northern District of Georgia with the Clerk of the Court using the CM/ECF system, with notice and a copy of same being electronically served by the Court on all counsel for the Plaintiff, addressed to the following:

Ronald T. Coleman, Esq.                     Richard S. Busch, Esq.
Patrice R. Walker, Esq.                      King & Ballow
Parker Hudson Rainer & Dobbs, LLP            110 Union Street Plaza
1500 Marquis Two Tower                       315 Union Street
285 Peachtree Center Avenue, NE              Nashville, TN 37201
Atlanta, GA 30303

     DATED:     May 26, 2009


     /s/ Scott D. Sanders