IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES WATT d/b/a Silverhawk )<br>Records, d/b/a Bend Of The River )<br>Publishing, )<br>            )<br>    Plaintiff, )<br>            )<br>v.          )<br>            )<br>DENNIS BUTLER d/b/a Black Eye B )<br>Music, LEFABIAN WILLIAMS d/b/a )<br>Perry Homes Music Publishing, Artist )<br>Publishing Group, CARLOS WALKER )<br>d/b/a D4LXL Music, ADRIAN PARKS )<br>d/b/a Stoney Man Music (individually and)<br>d/b/a D4L); TERIYAKIE SMITH d/b/a )<br>Beatz 4 Da Streetz; MARK ROBINSON )<br>d/b/a Mark Your Mind Music; )<br>UNIVERSAL MUSIC-MGB SONGS; )<br>ATLANTIC RECORDS, LLC; )<br>ASYLUM RECORDS, LLC; )<br>and WEA CORP., )<br>            )<br>    Defendants. )<br>_____ ) | CIVIL ACTION NO.<br>1:08-CV-3386-TWT |

**DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure, Rules 26(c), 37(a)(5), and Local Rule 7.2(B), Defendants DENNIS BUTLER d/b/a BLACK EYE B MUSIC, LEFABIAN WILLIAMS d/b/a PERRY HOMES MUSIC PUBLISHING, CARLOS WALKER d/b/a D4LXL MUSIC, ADRIAN PARKS d/b/a STONEY

MAN MUSIC, TERIYAKIE SMITH d/b/a BEATZ 4 DA STREETZ, MARK ROBINSON d/b/a MARK YOUR MIND MUSIC, ATLANTIC RECORDS, LLC (Atlantic Recording Corporation), ASYLUM RECORDS, LLC, and WEA CORP.(Warner-Elektra-Atlantic Corporation), hereby file Defendants' Emergency Motion For Protective Order upon the following:

1.

Plaintiff Charles Watt filed this action against numerous defendants on November 3, 2008 alleging copyright infringement of one musical composition titled "Come Up", allegedly owned by Plaintiff, by another musical composition titled "Betcha Can't Do It Like Me" (hereinafter referred to as "Betcha") as recorded by the successful music group and recording artist known as "D4L". [Doc. No. 1].

2.

After review of the Joint Preliminary Report And Discovery Plan filed on May 26, 2009, and at the request of Plaintiff in the report, on June 9, 2009 the Court entered its Scheduling Order extending the deadline for completion of all discovery until November 20, 2009 and the filing of summary judgment motions by December 10, 2009.  [Doc. No. 41].

3.

Upon the stipulation of the parties, on October 15, 2009 the Court entered its first Amended Scheduling Order extending the deadline for completion of discovery until December 31, 2009, and the filing of summary judgment motions by January 21, 2010.  [Doc. No. 51].

4.

Upon the stipulation of the parties, on November 24, 2009 the Court entered its second Amended Scheduling Order extending the deadline for completion of discovery until January 22, 2010, and the filing of summary judgment motions by February 12, 2010.  [Doc. No. 56].

5.

Upon the stipulation of the parties, on January 13, 2010 the Court entered its third Amended Scheduling Order extending the deadline for completion of discovery until February 26, 2010 and the filing of summary judgment motions by March 26, 2010.  [Doc. No. 60].

6.

During August 2009, the depositions of the Plaintiff and certain Defendants were taken.  On October 30, 2009 Defendants took the deposition of Plaintiff's expert witness in Toronto, Ontario, Canada.  Defendants' expert witness, Dr. Lawrence Ferrara, provided his expert report on December 4, 2009.  Dr. Ferrara

teaches and is head of the music department at New York University, and is a nationally recognized musicologist providing expert testimony on numerous copyright infringement cases. On November 19, 2009, at the request of Plaintiff's counsel, counsel for Defendants (other than Defendant Universal) provided several available dates for Plaintiff's counsel to schedule the taking of the deposition of Dr. Lawrence Ferrara in New York, and also the deposition of Erica Bellarosa (of Defendant Atlantic Records) at the same time. [see 11/19/09 email attached as Exhibit "A"]. In this email, Plaintiff's counsel provided various deposition dates available for Dr. Ferrara's deposition including December 14, 17 & 18, 2009, and on any day of the week of January 11-15, 2010. In this email the conflicting dates for Dr. Ferrara and Defendants' counsel were also provided and explained. The next day Plaintiff's counsel responded by return email stating that he would get back with Defendants' counsel on the dates, however, no further response was received from Plaintiff's counsel regarding these proposed deposition dates.

7.

After Plaintiff's counsel requested another consent extension of time for concluding discovery (the third Amended Scheduling Order, Doc. No. 60), Defendants' counsel agreed but informed Plaintiff's counsel that this would be the last extension. After checking multiple schedules with Dr. Ferrara and with Atlantic Records, on January 18, 2010 Defendants' counsel sent another email to

Plaintiff's counsel providing the available deposition dates for Dr. Ferrara in February 2010, advising that Dr. Ferrara was scheduled to testify in another copyright infringement case beginning on January 19, 2010. [see 1/18/10 email attached as Exhibit "B"]. In this 1/18/10 email, Plaintiff's counsel provided additional deposition dates available for Dr. Ferrara's deposition in New York including February 2, 3, 4, 8, 10 & 11, 2010. Once again, no response was received from Plaintiff's counsel to these available dates.

8.

In providing the various available deposition dates to Plaintiff's counsel, counsel for Defendants had to coordinate these dates with the busy schedules of four (4) professional individuals: Dr. Lawrence Ferrara (NYU), Josh Archer (counsel for Defendant Universal), Erica Bellarosa (V.P of Business Affairs for Atlantic Records in NY) and with counsel for Defendants' own schedule. Notwithstanding Plaintiff ignoring the prior deposition dates provided, on February 23, 2010 (yesterday afternoon) and without any prior notice or courtesy scheduling call, Plaintiff's counsel emailed a deposition notice for a Rule 30(b)(6) for an "Atlantic Records LLC" for February 25, 2010 (tomorrow), and a deposition notice for Dr. Lawrence Ferrara scheduled on Friday morning, February 26, 2010. [see deposition notices attached as Exhibits "C" and "D"]. These deposition notices attempting to schedule two out-of-state depositions, in spite of months of time to

take these depositions, were given by Plaintiff on the eve of the last discovery deadline. Allowing three (3) days for service for an electronic notice, as required under F.R.C.P Rule 6(d), these deposition notices would not be considered served on Defendants until Friday February 26, 2010, the date that discovery is scheduled to end.

9.

Further, Plaintiff's counsel clearly served these out-of-state deposition notices at the last minute in an attempt to force on Defendants another extension of the three-time extended discovery deadline. In several of counsel for Plaintiff's emails to Defendants' counsel sent yesterday with the deposition notices and also transmitted today, Plaintiff's counsel repeatedly demands that Defendants' counsel agree that the depositions be continued until the next two weeks (past the 2/26/10 deadline), or the Plaintiff will be "forced to take them in the next two days...". Clearly counsel for Plaintiff is acting in bad faith and attempting to abuse the discovery process. Plaintiff's counsel intentionally chose to ignore the proper scheduling of these depositions within the discovery period, which was extended four times by the Court, and with numerous acceptable dates provided by Defendants' counsel. In view of this clear discovery abuse, the out-of-state deposition notices by Plaintiff are not timely and should not be allowed by the Court.

10.

Counsel for Defendant Universal Music-MGB Songs ("Universal") has discussed this matter with counsel for the other Defendants and objects to the timeliness of Plaintiff's attempted scheduling of these depositions. Counsel for Defendant Universal has authorized Defendants' counsel in this motion to state that he wishes to join in Defendants' Emergency Motion For Protective Order. Counsel for Defendant Universal may also file a separate motion tomorrow in this regard.

11.

Finally, in an effort to bring this matter immediately before the Court, counsel for Defendants contacted Court's deputy clerk earlier today inquiring as to whether a telephone conference between the Court and all counsel would be possible in order to preserve Defendants' rights and objections in this matter.

WHEREFORE, Defendants respectfully move the Court to grant a protective order for the following:

1. That the deposition notices sent yesterday by Plaintiff requiring an appearance of a representative of Atlantic Records and of Dr. Lawrence Ferrara at their depositions in New York for February 25 and 26, 2010, respectively, be quashed and not allowed as untimely and an attempt by Plaintiff to improperly extend the agreed discovery deadline past February 26, 2010.

2. That Plaintiff's deposition notices be considered untimely and not allowed as not reasonably and properly served in good faith within the scheduled discovery period, as extended.

3. That Defendants recover their reasonable attorney's fees for having to prepare and file this emergency motion for a protective order due to counsel for Plaintiff's attempted abuse of the discovery process, pursuant to F.R.C.P. 37(a)(5).

4. For such other and further relief as the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

Counsel for said Defendants hereby certifies that the font and point size, Times New Roman - 14 point, used in Defendants' Emergency Motion For Protective Order are in compliance with Local Rule 5.1(C)(3).

[*signature on the next page*]

Respectfully submitted this 24th day of February, 2010.

       SCOTT D. SANDERS, P.C.

By: /s/ Scott D. Sanders
   Scott D. Sanders, Esq.
   Georgia Bar No. 625750
   1348 Ponce De Leon Avenue
   Atlanta, GA  30306-4604
   Bus.:  (404) 687-9008
   Fax:  (404) 687-9088
   E-mail:  scott@entlaw.com

***Attorney for Defendants Dennis Butler d/b/a Black Eye B Music, LeFabian Williams d/b/a Perry Homes Music Publishing, Carlos Walker d/b/a D4LXL Music, Adrian Parks d/b/a Stoney Man Music, Mark Robinson d/b/a Mark Your Mind Music, Teriyakie Smith d/b/a Beatz 4 Da Streetz, Atlantic Recording Corporation, Asylum Records, LLC and Warner-Elektra-Atlantic Corporation***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **CHARLES WATT d/b/a Silverhawk Records, d/b/a Bend Of The River Publishing,** )<br>)<br>)<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**DENNIS BUTLER d/b/a Black Eye B Music, LEFABIAN WILLIAMS d/b/a Perry Homes Music Publishing, Artist Publishing Group, CARLOS WALKER d/b/a D4LXL Music, ADRIAN PARKS d/b/a Stoney Man Music (individually and d/b/a D4L); TERIYAKIE SMITH d/b/a Beatz 4 Da Streetz; MARK ROBINSON d/b/a Mark Your Mind Music; UNIVERSAL MUSIC-MGB SONGS; ATLANTIC RECORDS, LLC; ASYLUM RECORDS, LLC; and WEA CORP.,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>    **Defendants.** )<br>_____ ) | **CIVIL ACTION NO.<br>1:08-CV-3386-TWT** |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing **Defendants' Emergency Motion For Protective Order** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification and provide a copy of such filing to the following:

Ronald T. Coleman, Esq.
Patrice R. Walker, Esq.
Parker Hudson Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303
rcoleman@phrd.com
pwalker@phrd.com

Richard S. Busch, Esq.
King & Ballow
110 Union Street Plaza
315 Union Street
Nashville, TN 37201
rbusch@kingballow.com

T. Joshua R. Archer, Esq.
Natalie Christensen, Esq.
Balch & Bingham, LLP
300 Ivan Allen Jr. Blvd. N.W.
Suite 700
Atlanta, GA 30308
jarcher@balch.com

This 24th day of February, 2010.

BY: /s/ Scott D. Sanders
Scott D. Sanders, Esq.